# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **CURTIS SMITH,** )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>**ANDREW M. SAUL,** )<br>*Commissioner of Social Security*,[1] )<br>  Defendant. ) | CIVIL ACTION NO. 2:18-00115-N |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on the motion for fees under 42 U.S.C. § 406(b) (Doc. 31) filed by William T. Coplin, Jr., Esq., counsel of record for Plaintiff Curtis Smith.[2] The Defendant Commissioner of Social Security ("the Commissioner") filed a response (Doc. 30) that "does not support or oppose" the motion but is meant "to assist the Court in making its reasonableness determination." (Doc. 33, PageID.643).[3] Upon consideration, the Court finds that Coplin's § 406(b) motion is

---

[1] As the Defendant notes (*see* Doc. 33, PageID.643 n.1), having been sworn in on June 17, 2019, Commissioner of Social Security Andrew M. Saul, as successor to Acting Commissioner Nancy A. Berryhill, is automatically substituted as the Defendant in this action under Federal Rule of Civil Procedure 25(d). (*See* https://www.ssa.gov/agency/commissioner.html & https://blog.ssa.gov/social-security-welcomes-its-new-commissioner (last visited Apr. 6, 2020)). This change does not affect the pendency of this action. See 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."). The Clerk of Court is **DIRECTED** to update the docket heading accordingly.

[2] A Social Security claimant's attorney is the real party in interest to a § 406(b) award. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

[3] "A § 406(b) fee is paid by the claimant out of the past-due benefits awarded."

due to be **GRANTED**.[4]

## I. *Background*

Plaintiff Smith, at all times represented by Coplin, brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of an unfavorable final decision of the Commissioner denying his May 25, 2012 applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.* In accordance with the Court's scheduling order (Doc. 7), the Commissioner timely filed and served his answer (Doc. 12) to the complaint and the certified record of the relevant administrative proceedings (Docs. 13), and Smith filed his fact sheet and brief identifying alleged errors in the Commissioner's final decision (Docs. 16, 17). However, Smith also filed a separate "Motion to Correct the Record," claiming that transcripts of his administrative hearings were incomplete (Doc. 15). The Commissioner was ordered to respond to the "Motion to Correct the Record" by August 23, 2018 (*see* Doc. 18), but

---

*Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). "[T]he Commissioner of Social Security…has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6.

[4] With the consent of the parties, the Court designated the undersigned Magistrate Judge to conduct all proceedings in this civil action in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 24, 25).

failed to do so or to request additional time to do so.[5]

In light of the Commissioner's failure to response, the Court granted Smith's "Motion to Correct the Record" on September 11, 2018, and ordered the Commissioner to comply by September 25, 2018. (*See* Doc. 22). Three days later, the Commissioner filed a voluntary, unopposed motion to reverse his unfavorable final decision under sentence four of § 405(g) and remand the case to the Social Security Administration ("SSA") for further proceedings, which the Court granted. (*See* Docs. 23, 26, 27). Smith subsequently filed an application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412[6] (Doc. 28), which the Court granted, awarding Smith $2,269.32 in attorney fees under EAJA. (*See* Doc. 30).

Following remand, on November 6, 2019, the Commissioner issued a fully favorable decision for Smith on his DIB and SSI applications. (*See* Doc. 31-2). A notice of an award of benefits was issued to Smith on February 16, 2020. (*See* Doc. 31-3). Coplin filed the present § 406(b) motion on March 4, 2020.

---

[5] The Commissioner did file an unopposed motion for an extension of time in which to respond to Smith's brief (*see* Doc. 19). However, that motion made no mention of Smith's separate "Motion to Correct the Record."

[6] "[S]uccessful Social Security benefits claimants may request a fee award under the EAJA. Under the EAJA, a party that prevails against the United States in court may be awarded fees payable by the United States if the government's position in the litigation was not 'substantially justified.' 28 U.S.C. § 2412(d)(1)(A). EAJA fees are awarded to the prevailing party in addition to and separate from any fees awarded under 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 796, 122 S. Ct. at 1822; *Reeves v. Astrue*, 526 F.3d 732, 736 (11th Cir. 2008). Unlike § 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds." *Jackson*, 601 F.3d at 1271.

## II. *Analysis*

Under 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a [DIB] claimant…who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…" 42 U.S.C. § 406(b)(1)(A). *See also* 42 U.S.C. § 1383(d)(2)(A) (stating that the provisions of 42 U.S.C. § 406 apply to SSI claims, subject to certain exceptions immaterial to disposition of the present motion). "42 U.S.C. § 406(b) authorizes an award of attorney's fees where[, as here,] the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam).[7]

### a. Timeliness

Federal Rule of Civil Procedure 54(d)(2), which "applies to a § 406(b) attorney's fee claim[,]" *Bergen*, 454 F.3d at 1277, provides that, "[u]nless a statute or a court order provides otherwise, [a] motion[ for attorney's fees] must be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2). In its

---

[7] "Under 42 U.S.C. § 406(b)(2), it is a criminal offense for an attorney to collect fees in excess of those allowed by the court." *Jackson*, 601 F.3d at 1271. *See also Gisbrecht,* 535 U.S. at 795-96 ("The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense. §§ 406(a)(5), (b)(2) (1994 ed.); 20 CFR §§ 404.1740–1799 (2001).").

order remanding Smith's case, the Court granted "Smith's counsel an extension of time in which to file a motion for fees under 42 U.S.C. § 406(b) … until thirty days after the date of receipt of a notice of award of benefits from the SSA." (Doc. 26, PageID.589-590). The order further stated: "Consistent with 20 C.F.R. § 422.210(c), 'the date of receipt of notice … shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.' " (*Id.*, PageID.590).[8] Smith's award notice was issued February 16, 2020. Therefore, Coplin's § 406(b) motion (Doc. 31), filed less than 30 days later, is timely.

### b. Reasonableness

In *Gisbrecht v. Barnhart,* the Supreme Court considered 42 U.S.C. § 406(b) and clarified its impact on the district court's role in awarding a reasonable fee following a favorable claim for Social Security benefits. *See* 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). Although § 406(b)(1)(A) gives district courts the power to "determine and allow as part of its judgment a reasonable fee" following a favorable claim for Social Security benefits, 42 U.S.C. § 406(b)(1)(A), it does not empower them to ignore the fee agreements entered into by parties when determining what a reasonable fee would be, *see Gisbrecht*, 535 U.S. at 807, 122 S. Ct. at 1828 (concluding that " § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set"). Instead, courts must look to the agreement made by the parties and independently review whether the resulting fee is reasonable under the circumstances. *Id.* Accordingly, [a court] must look to the fee agreement made by [a claimant] and his attorney.

---

[8] *See Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").

*Keller v. Comm'r of Soc. Sec.*, 759 F.3d 1282, 1284 (11th Cir. 2014). "[T]he agreement, not the statute, provides the 'primary means by which fees are set.' " *Id.* (quoting *Gisbrecht*, 535 U.S. at 807).

In retaining Coplin, Smith entered into an attorney fee agreement (Doc. 31-1) which provides, in relevant part, as follows:

> 3. We agree that if the SSA favorably decides my claim at any stage through the first hearing at the Administrative Law Judge (ALJ) level of appeal, I will pay my attorney a maximum fee of the lower of (a) 25% of past-due benefits or (b) $6,000.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. section 406(b).
>
> 4. We agree that if SSA favorably decides my claim at the Appeals Council level; or at the ALJ hearing level <u>after</u> a decision by the Appeals Council or Federal Court; or if a Federal Court favorably decides my case, I will pay my attorney a fee equal to 25% of all past-due benefits in my Social Security and/or SSI disability claims, regardless of the $6,000.00 limit.
>
> 5. I understand that Social Security "past-due benefits" are the total amount of money to which I, and any family members who qualify on my account, become entitled through the month before the month SSA makes a favorable administrative decision on my Social Security claim; and that Supplemental Social Security Income (SSI) "past-due benefits" are the total amount of money for which I become eligible through the month SSA makes a favorable administrative decision on my SSI claim.

The Court finds no reason to believe that this fee agreement violates § 406(b)(1)(A).

However,

> [*Gisbrecht* further] explained that even when a contingency agreement complies with the statutory limit and caps the fee at 25 percent of the claimant's benefits award, "§ 406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." [535 U.S.] at 807, 122 S. Ct. at

1828.

> Even when there is a valid contingency fee agreement, *Gisbrecht* sets forth certain principles that a district court should apply to determine if the attorney's fee to be awarded under § 406(b) is reasonable. *See id.* at 808, 122 S. Ct. at 1828. Under *Gisbrecht* the attorney for the successful social security benefits claimant must show that the fee sought is reasonable for the services rendered. *Id.,* 122 S. Ct. at 1828. The district court may reduce the fee based on the character of the representation and the results achieved; and if the recovered benefits are large in comparison to the time the claimant's attorney invested in the case, a downward adjustment may be in order. *Id.,* 122 S. Ct. at 1828. The *Gisbrecht* Court held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling [of 25 percent of the claimant's recovered benefits]; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09, 122 S. Ct. at 1829.

*Thomas v. Astrue*, 359 F. App'x 968, 974-75 (11th Cir. 2010) (per curiam) (unpublished) (footnote omitted). *See also Jackson*, 601 F.3d at 1271 ("Assuming that the requested fee is within the 25 percent limit, the court must then determine whether 'the fee sought is reasonable for the services rendered.' *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). For example, courts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case. *Id.* at 808, 122 S. Ct. at 1828.").

The award notice does not state the amount of past-due benefits Smith was awarded, but does state that the SSA "usually withhold[s] 25 percent of past due benefits in order to pay the approved representative's fee[,]" and that it had "withheld $16,548.90 from [Smith's] past due benefits in case [it] need[ed] to pay

[his] representative." (Doc. 31-3, PageID.630). [9] Neither Coplin nor the Commissioner challenges that amount as an inaccurate calculation of 25% of Smith's past-due benefits. Coplin represents that he has petitioned the Commissioner for approval of $6,000.00 in fee for his services in representing Smith before the SSA. *See* (Doc. 31-4); 42 U.S.C. § 406(a)(1) ("Except as provided in paragraph (2)(A), whenever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim."). Coplin now moves that he be allowed $10,548.90 (i.e., $16,548.90 - $6,000.00) in fees for work performed on behalf of Smith in this Court.[10] The Court's duty now is to

---

[9] "[Section 406](b)(1)(A) both limits … fees to no more than 25% of past-due benefits and allows the agency to withhold past-due benefits to pay these fees…" *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019).

[10] Abrogating prior Eleventh Circuit precedent, the United States Supreme Court has recently held that the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019). Coplin's fee agreement with Smith nevertheless appears to limit his overall fee to 25% total of Smith's past-due benefits.

Coplin's fee agreement with Smith also provides: "If I am approved for SSI benefits only, I agree to pay my attorney a maximum fee of the lower of (a) 25% of past-due benefits or (b) $6,000.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. 406(b), as soon as I receive those funds." (Doc. 31-1). However, as Smith's notice of award indicates it includes DIB benefits, this provision is inapplicable here.

determine whether it is reasonable for Coplin to receive that amount for the work performed in this action.

Considering the amount of time Coplin devoted to this case and the services performed (*see* Doc. 31-6), the Court finds that the benefits awarded to Smith are not so "large in comparison to the amount of time counsel spent on the case" such that "a downward adjustment is ... in order." *Gisbrecht*, 535 U.S. at 808. Coplin's efforts in this action resulted in a remand of Smith's case to the Commissioner and a subsequent fully favorable decision for benefits, and a review of the docket for this action does not indicate that Coplin has been responsible for any significant delay. Having considered the guidance set forth in *Gisbrecht*, the undersigned finds that it is reasonable for Coplin to receive $10,548.90 under § 406(b) in this action.[11]

### III. *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that Coplin's motion for fees under 42 U.S.C. § 406(b) (Doc. 31) is **GRANTED** and that Coplin is allowed a reasonable fee under § 406(b) for work performed in this district court

---

[11] Under EAJA's Savings Provision, 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 183, 186, "an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client..." *Jackson*, 601 F.3d at 1274. "The obligation to make the refund is imposed on the attorney. There is no language in the Savings Provision that requires courts to take any action with respect to the refund. In particular, nothing in the Savings Provision commands courts to order a specific refund procedure if the claimant's attorney has already taken other steps to effectuate the refund." *Id.*

Coplin represents that the $2,269.32 previously awarded to Smith as attorney fees under EAJA was taken by the U.S. Department of the Treasury to satisfy a delinquent debt. (*See* Doc. 31-5).

action in the sum of **$10,548.90**, to be paid from Smith's recovered past-due benefits on his May 25, 2012 applications for DIB and SSI.[12]

**DONE** and **ORDERED** this the 6th day of April 2020.

>  */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[12] Unless a party requests one, no separate judgment regarding attorney's fees shall be forthcoming. *See* Fed. R. Civ. P. 58(a)(3) (judgment need not be set out in a separate document for an order disposing of a motion for attorney's fees).